# MINUTE ORDER

CASE NUMBER:     CRIMINAL NO. 22-00060 LEK

CASE NAME:      United States vs. Walter Glenn Primrose, et al.

JUDGE:  Leslie E. Kobayashi       DATE:       03/28/2023

COURT ACTION:  EO:  COURT ORDER GRANTING: THE GOVERNMENT'S
MOTION FOR A PRETRIAL DETERMINATION OF THE ADMISSIBILITY OF
DEFENDANT WALTER GLENN PRIMROSE'S STATEMENTS; AND THE
GOVERNMENT'S MOTION TO HAVE THE COURT TAKE JUDICIAL NOTICE

On January 9, 2023, Plaintiff United States of America ("the Government") filed
its Motion for a Pretrial Determination of the Admissibility of Defendant Walter Glenn
Primrose's Statements ("Admissibility Motion"), and on January 10, 2023, it filed a
Motion to Have the Court Take Judicial Notice ("Judicial Notice Motion" and
collectively "Motions").  [Dkt. nos. 73, 75.]  Defendants Walter Glenn Primrose
("Primrose") and Gwynn Darle Morrison ("Morrison" and collectively "Defendants")
were given the opportunity to respond to the Motions.  See Minute Order, filed 1/9/23
(dkt. no. 74) (setting a nonhearing briefing schedule for the Admissibility Motion);
Minute Order, filed 1/10/23 (dkt. no. 76) (setting a nonhearing briefing schedule for the
Judicial Notice Motion).  Defendants did not respond to either of the Motions, and the
Court therefore considers the Motions to be unopposed.  For the reasons stated below, the
Admissibility Motion and the Judicial Notice Motion are GRANTED.

## I.    Admissibility Motion

A telephonic hearing regarding Morrison's detention was held on July 28, 2022
and a telephonic hearing on a motion for the withdrawal and substitution of Morrison's
counsel was held on October 27, 2022.  See Minutes - EP: Telephonic Detention Hearing
as to Defendant (1) Walter Glenn Primrose, filed 7/28/22 (dkt. no. 21); Minutes - EP:
Telephonic Motion Hearing, filed 10/27/22 (dkt. no. 61).  The Government contends that,
during both hearings, Morrison "voluntarily identified himself as 'Walter Glenn
Primrose'" to the magistrate judge.  [Admissibility Motion at 2.]

The Government has presented a certified transcript of each hearing.  See id.,
Exhs. 1 (7/28/22 hearing trans.) & 2 (10/27/22 hearing trans.).  At each proceeding, after
counsel stated his appearance on the defendant's behalf and noted the defendant's
presence by telephone, the magistrate judge asked the defendant to state his name for the
record, and the defendant responded, "Walter Glenn Primrose."  [Admissibility Motion,
Exh. 1 at 2; id., Exh. 2 at 2.]

Fed. R. Evid. 801(d)(2) states, in pertinent part:

> A statement that meets the following conditions is not hearsay:
>
> . . . .
>
> > (2)    An Opposing Party's Statement.  The statement is offered against an opposing party and:
> >
> > > (A)    was made by the party in an individual or representative capacity[.]

Morrison's statements at the July 28, 2022 hearing and at the October 27, 2022 hearing identify himself as "Walter Glenn Primrose" are statements that Morrison made in his individual capacity, and the Government intends to offer those statements against him at trial.  See Admissibility Motion at 2.  This Court therefore CONCLUDES that the statements are not hearsay, and they are admissible under Rule 802(d)(2)(A).  This Court, however, makes no ruling at this time regarding other objections that Defendants may raise when the statements are presented at trial, including, but not limited to, a relevance objection or a Fed. R. Evid. 403 objection.

Subject to the rulings on any other objections to the admission of the statements at trial, the Government's Admissibility Motion is GRANTED.

## II.    <u>Judicial Notice Motion</u>

The Government asks this Court to take judicial notice of various events in this case, including, *inter alia*: the filing of the Criminal Complaint, [filed 7/21/22 (dkt. no. 1)]; Defendants' arrest and detention; and the withdrawal of Morrison's prior counsel, Assistant Federal Defender Maximilian Mizono.  See Judicial Notice Motion at 2-3.

Fed. R. Evid. 201(b)(2) states: "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Judicial notice must be taken "if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).

All of the events listed in the Judicial Notice Motion are reflected in the publicly available, electronic court records for this case.  This Court therefore GRANTS the Judicial Notice Motion.  See <u>United States v. Raygoza-Garcia</u>, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through [the Public Access to Court Electronic Records system]." (some citations omitted) (citing Fed. R. Evid. 201(b))).

However, this Court emphasizes that the scope of the judicial notice taken is limited the fact that the listed events occurred in this case; this Court does not take judicial notice of any disputed facts that are reflected in the court records related to those case events.  See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018) (discussing judicial notice in the context of a motion to dismiss).

IT IS SO ORDERED.

Submitted by:  Agalelei Elkington, Courtroom Manager