UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>(1) WALTER GLENN PRIMROSE,<br>(2) GWYNN DARLE MORRISON,<br><br>Defendant. | CR. NO. 22-00060 LEK |
|---|---|

**ORDER DENYING DEFENDANT MORRISON'S MOTION TO SUPPRESS AND EXCLUDE DNA EVIDENCE, [FILED 9/11/23 (DKT. NO. 199)]**

Before the Court is Defendant Gwynn Darle Morrison aka Julie Lyn Montague's ("Morrison") motion to suppress. See Defendant Morrison's Motion to Suppress and Exclude DNA Evidence, filed 9/11/23 (dkt. no. 199) ("Motion to Suppress"). The Motion to Suppress is denied because, under the totality of the circumstances, the Court concludes that there was no undue delay in obtaining the warrant and probable cause existed to support the search.

## BACKGROUND

This matter arises out of a criminal complaint filed on July 21, 2022 against Morrison and her co-defendant, Walter Glenn Primrose aka Bobby Edward Fort ("Primrose"). See Criminal Complaint, filed 7/21/22 (dkt. no. 1). Subsequently, on July 28, 2022, an indictment was filed and charged Primrose and

Morrison with conspiring to make materially false and fraudulent statements or representations to obtain a military dependent identification card for Morrison (Count 1); committing aggravated identity theft (Count 2); and making false statements in the application and use of passports to obtain Hawai`i Driver's Licenses for Primrose and Morrison (Counts 3 and 4). See Indictment, filed 7/28/22 (dkt. no. 19). On January 12, 2023, a superseding indictment was filed. See Superseding Indictment, filed 1/12/23 (dkt. no. 77). Jury trial is scheduled to commence on October 23, 2023.

The facts pertinent to the motion at hand are: Morrison has been detained pending trial in this matter since July 22, 2022. See Arrest Warrant (returned executed), filed 7/26/22 (dkt. no. 17); Order of Detention Pending Trial, filed 8/3/22 (dkt. no. 32). On June 2, 2023, the magistrate judge approved a search warrant was approved permitting the execution of the warrant on or before June 16, 2023. See Motion to Suppress, Decl. of Megan K. Kau ("Kau Decl."), Exh. A (Warrant by Telephone or Other Reliable Electronic Means ("Search Warrant")).[1] The Search Warrant requested to take biological

---

[1] The Search Warrant was originally filed under seal on June 2, 2023 in In re Search of Buccal Swabs from the Person of Gwynn Darle Morrison, MJ 23-00863 WRP ("MJ 23-863"). [MJ 23-863, dkt. no. 1.] The Search Warrant was subsequently unsealed. See MJ 23-863, Order Granting Ex Parte Motion to Unseal Warrant, filed 6/13/23 (dkt. no. 4).

2

samples containing deoxyribonucleic acid ("DNA") from Morrison by swabbing the inner tissues of her mouth. See id. at GOVT0010003. Attached to the Search Warrant was an affidavit of Dennis Thomas, Special Agent with the U.S. Department of State, Bureau of Diplomatic Security Service ("SA Thomas"). [Id. at GOVT001005-16 (Affidavit in Support of a Search Warrant Under Rule 41) ("Thomas Affidavit"). Among other things, SA Thomas averred that he obtained birth records, school records and marriage records pertaining to Morrison and Primrose; [id. at ¶¶ 10-12;] that Morrison obtained Texas birth certificate records for a deceased American born infant and assumed the identity of "Julie Lyn Montague"; [id. at ¶¶ 13, 15;] that Texas Department of Public Safety records revealed that Morrison was issued a Texas identification card in the name of "Julie Lyn Montague"; [id. at ¶ 17;] that Social Security Administration records revealed that Morrison was issued social security account number in the name of "Julie Lyn Montague"; [id. at ¶ 19;] that records obtained during the investigation revealed Morrison's has biological sisters residing in Alabama and Georgia; [id. at ¶ 21;] and that, in interviews, Morrison's sisters stated that Morrison is their biological sister as they share the same biological mother and father, and that they have known Morrison to use the identify of "Julie Lyn Montague", [id. at ¶ 25].

3

When Primrose and Morrison were arrested by law enforcement on July 22, 2022, DNA was obtained from each of them through buccal swabs taken from each of their mouths as part of the post-arrest booking process and the results were entered by the Federal Bureau of Investigation into a national DNA database, known as the "Combined DNA Index System" ("CODIS"). [Id. at ¶ 30.]  Another national database known as the "National DNA Index System" ("NDIS") is a part of the CODIS system and contains DNA profiles from federal, state and other forensic laboratories.  [Id.]  However, searches of NDIS are limited by federal law in that, "[w]hen a suspect is arrested, their DNA is collected and run through CODIS[]" and if there is a match, then "it may be used to establish probable cause to obtain an evidentiary DNA sample from the suspect."  [Id. at ¶¶ 31-32.] Searches of NDIS is not permitted for the purpose "of uncovering a familial match."  [Id. at ¶ 32.]  SA Thomas requested a buccal swab for Morrison's DNA so that the sample could be "sent to a forensics laboratory for comparative analysis with known family members to identify familial ties through the DNA analysis process."  [Id. at ¶ 33.]  A buccal swab of the inside of Morrison's cheek was taken and Forensic Analyst Sherri Fentress ("Fentress") prepared a laboratory report of her analysis of the swab results ("Fentress's Report"), and her report was disclosed to Morrison's counsel on August 15, 2023.  [United States'

Response to Def. Gwynn Darle Morrison's Motion to Suppress and Exclude DNA Evidence, filed 9/18/23 (dkt. no. 214) ("Mem. in Opp."), at 6.]

Morrison now seeks to suppress and exclude Fentress's Report and any testimony by Fentress because the warrant (which resulted in the taking of DNA sample) was sought eleven months after Morrison's arrest and is therefore untimely, and the DNA evidence therefore was taken without probable cause to support the search and seizure.

## STANDARD

If the delay between the seizure of property and obtaining a search warrant to search the property is unreasonable then a defendant's Fourth Amendment rights may be violated:

> "An unreasonable delay between the seizure of a package and obtaining a search warrant may violate the defendant's Fourth Amendment rights. The touchstone is reasonableness." United States v. Sullivan, 797 F.3d 623, 633 (9th Cir. 2015). There is no bright line past which a delay become unreasonable. Instead, the court determines the reasonableness of the delay on a case-by-case basis under the totality of the circumstances, and "not whether the Government has pursued the least intrusive course of action." Id. (quoting United States v. Hernandez, 313 F.3d 1206, 1213 (9th Cir. 2002)). In evaluating the totality of the circumstances, the court balances "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." Id. at 633 (quoting United

> States v. Place, 462 U.S. 696, 703, 103 S. Ct. 2637, 77 L. Ed. 2d 110 (1983)).

United States v. Uu, 293 F. Supp. 3d 1209, 1213-14 (D. Hawai`i 2017) (footnote omitted).

## DISCUSSION

The taking of a DNA sample by buccal swab is a search. Maryland v. King, 569 U.S. 435, 446 (2013) ("It can be agreed that using a buccal swab on the inner tissues of a person's cheek in order to obtain DNA samples is a search."). The Fourth Amendment mandates that

> [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV. In weighing the rights involved under the Fourth Amendment, an examination of reasonableness under the circumstances is primary because

> [t]he touchstone of our analysis under the Fourth Amendment is always "the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security." Terry v. Ohio, 392 U S. 1, 19 (1968) Reasonableness, of course, depends "on a balance between the public interest and the individual's right to personal security free from arbitrary interference by law officers." United States v. Brignoni-Ponce, 422 U.S. 873, 878 (1975)

Pennsylvania v. Mimms, 434 U.S. 106, 108-09 (1977) (per curiam). The Ninth Circuit adopted a "totality of the circumstances" framework in concluding that compulsory DNA profiling of convicted persons does not violate the Fourth Amendment. United States v. Kincade, 379 F.3d 813, 832 (9th Cir. 2004) (en banc). The reasonableness of a search using this framework "is determined by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." Samson v. California, 547 U.S. 843, 848 (2006) (quotation marks and citation omitted).

With the framework in mind, the Court turns to Morrison's arguments for suppression of the DNA sample taken from her and Fentress's Report. She argues that the eleven-month delay (between her arrest on July 22, 2022 and the buccal swab done on June 2, 2023) is an unreasonable delay of time and thus not supported by probable cause. [Motion to Suppress, Mem. in Supp. at 3.] For example, she submits, Plaintiff United States of America ("the Government") was not diligent because it was aware from its search of Morrison's property on July 22, 2022 that correspondence revealed "purported family members" therefore the need for DNA testing to establish familial relationship was known months before the warrant was sought. [Id. at 5.]

The Court examines the eleven-month period for reasonableness under the totality of the circumstances to determine if the delay between Morrison's arrest and initial buccal swab for DNA evidence and obtaining the search warrant violated Morrison's Fourth Amendment rights. It did not. The Court reaches this conclusion by balancing the nature and quality of the intrusion on Morrison's Fourth Amendment interests (the buccal swab of her inside cheek, which is a minimal intrusion) against the importance of the governmental interests alleged to justify the intrusion.

Turning first to the nature and quality of the intrusion, the Court finds that

> [a] buccal swab is a far more gentle process than a venipuncture to draw blood. It involves but a light touch on the inside of the cheek; and although it can be deemed a search within the body of the arrestee, it requires no "surgical intrusions beneath the skin." Winston [v. Lee], [470 U.S. 753,] 760 [(1985)]. The fact than an intrusion is negligible is of central relevance to determining reasonableness, although it is still a search as the law defines that term.

King, 569 U.S. at 446.

Second, under the totality of the circumstances, the Court finds that: the Government did attempt, prior to seeking a search warrant, to obtain Morrison's consent to the collection of DNA evidence in May 2023; [Mem. in Opp., Exh. 1 at PageID.1205 (email to counsel from the Government's attorney,

8

dated 5/30/23);] although not stating when the information was obtained, the affidavit supporting the request for search warrant asserted that SA Thomas obtained records from interviews conducted with Morrison's sisters and confirming that they shared biological parents with Morrison; [Thomas Aff. at ¶ 25;] SA Thomas has been busy working on other criminal matters since July 22, 2022; [Mem. in Opp., Exh. 2 (Declaration of Dennis Thomas, Special Agent, dated 9/15/23) at ¶ 3; and there is a legitimate governmental interest in obtaining the buccal DNA sample from Morrison to compare it to DNA information from individuals who report sharing both biological parents with her as the DNA evidence would assist in determining Morrison's identity, which is the key issue for the criminal charges against her.

   Under the totality of the circumstances, the Court concludes that, while the search warrant perhaps could have been sought earlier, the eleven-month period between arrest and the search was not unreasonable, and the search was sufficiently supported by probable cause.

   Morrison's Fourth Amendment rights protect her only "'against intrusions which are not justified in the circumstances, or which are made in an improper manner.'" See King, 569 U.S. at 446-47 (quoting Schmerber v. California, 384

9

U.S. 757, 786 (1966)).  Neither prohibited intrusion exists here.  Morrison's Motion to Suppress therefore must be denied.

## CONCLUSION

For the foregoing reasons, Defendant Morrison's Motion to Suppress and Exclude DNA Evidence, filed September 11, 2023, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 6, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**USA VS. WALTER GLENN PRIMROSE, ET AL.; CR 22-00060 LEK; ORDER DENYING DEFENDANT MORRISON'S MOTION TO SUPPRESS AND EXCLUDE DNA EVIDENCE, [FILED 9/11/23 (DKT. NO. 199)]**